UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LINDSEY,

        Petitioner,

v.

        CASE NO. 2:10-CV-14766
        HONORABLE ARTHUR J. TARNOW
        UNITED STATES DISTRICT JUDGE

WILLIE O. SMITH,

        Respondent.
_____/

## OPINION AND ORDER SUMMARILY DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL IN FORMA PAUPERIS

David Lindsey, ("petitioner"), presently confined at the Ionia Maximum Correctional Facility in Ionia, Michigan, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for third-degree criminal sexual conduct, M.C.L.A. 750.520d(1)(b). Respondent has filed a motion for summary judgment, contending that petitioner has failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed a response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is **SUMMARILY DISMISSED**.

### I. Background

Petitioner was found guilty following a bench trial in the Wayne County Circuit Court. Direct review of petitioner's conviction ended on February 24, 2009, when the Michigan Supreme Court denied petitioner's application for leave to appeal following the

1

*Lindsey v. Smith,* U.S.D.C. 10-CV-14766

affirmance of his conviction by the Michigan Court of Appeals. *People v. Lindsey*, 483 Mich. 895; 760 N.W.2d 478 (2009).

On April 29, 2009, petitioner filed a post-conviction motion for relief from judgment pursuant to M.C.R. 6.500, *et seq.* [1] The trial court denied the motion for relief from judgment on October 26, 2009. *People v. Lindsey,* No. 07-004705 (Wayne County Circuit Court, October 26, 2009). By his own admission, petitioner never appealed the denial of his post-conviction motion to the Michigan Court of Appeals or to the Michigan Supreme Court.

The instant petition was signed and dated November 23, 2010. [2]

---

[1] Respondent claims that petitioner filed his motion for relief from judgment on May 7, 2009, but petitioner contends that the motion for relief from judgment should be deemed filed on April 29, 2009, the date that he gave his motion for relief from judgment to prison officials for mailing. Michigan has recently adopted some form of the prison mailbox rule, which deems a prisoner's pleading filed at the time that it is given to prison officials for mailing to the court. *See* M.C.R. 7.105, 7.204, 7.205, 7.302. Because the earlier date does not affect the timeliness of the petition, the Court will deem the motion filed with the trial court on April 29, 2009.

[2] Under the prison mailbox rule, a federal habeas petition is filed when the prisoner gives his petition to prison officials for mailing to the federal courts. *Hudson v. Martin,* 68 F. Supp. 2d 798, 799, n. 2 (E.D. Mich. 1999). Absent evidence to the contrary, a federal court will assume that a prisoner gave his habeas petition to prison officials on the date he signed it, for the purposes of the AEDPA's one year limitations period. *Id.* Because petitioner's habeas petition is signed and dated November 23, 2010, this Court assumes that this was the date that petitioner actually filed his petition with this Court.

*Lindsey v. Smith,* U.S.D.C. 10-CV-14766

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F. 3d 846, 851 (6th Cir. 2000)(quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *See Redmond v. Jackson,* 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

*Lindsey v. Smith,* U.S.D.C. 10-CV-14766

A petition for writ of habeas corpus must be dismissed where it has not been filed within the one year statute of limitations. *See Holloway v. Jones,* 166 F. Supp. 2d 1185, 1188 (E.D. Mich. 2001).

Petitioner's direct appeal of his conviction ended when the Michigan Supreme Court denied leave to appeal on February 24, 2009.  Petitioner's conviction would become final, for the purposes of the AEDPA's limitations period, on the date that the 90 day time period for seeking certiorari with the U.S. Supreme Court expired. *See Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009).  Petitioner's judgment therefore became final on May 25, 2009, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Holloway*, 166 F. Supp. 2d at 1188.  Absent state collateral review, petitioner would have been required to file his petition for writ of habeas corpus with this Court no later than May 25, 2010 in order for the petition to be timely filed.

Petitioner filed a post-conviction motion for relief from judgment with the Wayne County Circuit Court on April 29, 2009, before the statutory limitations period commenced.  The motion for relief from judgment was denied on October 26, 2009.  By his own admission, petitioner chose not to appeal the denial of his motion for relief from judgment to the Michigan Court of Appeals or to the Michigan Supreme Court.  A post-conviction application is "pending" within the meaning of 28 U.S.C. § 2244(d) (2) during "the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, provided that the filing of the notice of appeal is timely under state law." *Evans v. Chavis*, 546 U.S. 189, 191 (2006)(citing *Carey v. Saffold*, 536 U.S. 214 (2002))(emphasis in original).  "[U]ntimely state collateral attacks

4

*Lindsey v. Smith,* U.S.D.C. 10-CV-14766

are not properly filed and do not toll the statute of limitations." *Raglin v. Randle*, 10 Fed. Appx. 314, 316 (6th Cir. 2001). Thus, the limitations period resumed running on October 27, 2009, the day after the Wayne County Circuit Court denied petitioner's motion for relief from judgment and petitioner no longer had a post-conviction motion pending in state court. Petitioner had one year from this date, or until October 27, 2010, to file his habeas petition with this Court. Because petitioner did not file his habeas application until almost one month later on November 23, 2010, the petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition. *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

In the Sixth Circuit, five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:  (1) the petitioner's lack of notice of the filing requirement;
    (2) the petitioner's lack of constructive knowledge of the filing requirement;

    (3) diligence in pursuing one's rights;
    (4) absence of prejudice to the respondent; and,
    (5) the petitioner's reasonableness in remaining ignorant of the legal
    requirement for filing his claim.

*Dunlap v. United States,* 250 F. 3d 1001, 1008 (6th Cir. 2001).

The doctrine of equitable tolling should be used "sparingly," *Dunlap,* 250 F. 3d at 1008-09, and "[a]bsent a satisfactory explanation for his failure to timely file his habeas

5

*Lindsey v. Smith,* U.S.D.C. 10-CV-14766

petition", a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at p. 1010. A habeas petitioner bears the burden of establishing that he is entitled to the equitable tolling of the one year limitations period. *See Jurado v. Burt,* 337 F. 3d 638, 642 (6th Cir. 2003).

Petitioner is not entitled to equitable tolling of the one year limitations period, because he has failed to argue that circumstances of his case warranted equitable tolling. *See Giles v. Wolfenbarger,* 239 Fed. Appx. 145, 147 (6th Cir. 2007). Although petitioner mentions in passing that he chose not to appeal the denial of his motion for relief from judgment because the issues had already been raised on direct appeal, petitioner offers no explanation why he waited over one year from the denial of his motion for relief from judgment by the Wayne County Circuit Court to file his petition for writ of habeas corpus with this Court. Petitioner has failed to show that he is entitled to equitable tolling of the limitations period.

Lastly, the one year statute of limitations may be equitably tolled based upon a credible showing of actual innocence under the standard enunciated in *Schup v. Delo,* 513 U.S. 298 (1995). *See Souter v. Jones,* 395 F. 3d 577, 599-600 (6th Cir. 2005). To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id.* at 590 (quoting *Schlup* 513 U.S. at 327). For an actual innocence exception to be credible, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence--whether it be exculpatory scientific

6

*Lindsey v. Smith,* U.S.D.C. 10-CV-14766

evidence, trustworthy eyewitness accounts, or critical physical evidence--that was not presented at trial." *Schlup*, 513 U.S. at 324; *Souter,* 395 F. 3d at 590.  The Sixth Circuit further noted that "actual innocence means factual innocence, not mere legal insufficiency." *Souter,* 395 F. 3d at 590 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  Finally, the Sixth Circuit in *Souter* recognized the Supreme Court's admonition that the actual innocence exception should "remain rare" and "only be applied in the 'extraordinary case.'" *Id.* (quoting *Schlup,* 513 U.S. at 321).

Petitioner's case falls outside of the actual innocence tolling exception enunciated in *Souter,* because petitioner has presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005); *Holloway,* 166 F. Supp. 2d at 1191.

### III.  Conclusion

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant.... If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

*Lindsey v. Smith,* U.S.D.C. 10-CV-14766

Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R.App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)(internal quotes and citations omitted).

Having considered the matter, jurists of reason would not find the procedural ruling that the habeas petition is untimely and cannot be saved by statutory or equitable tolling debatable. Accordingly, the Court declines to issue petitioner a certificate of appealability

Although this Court will deny a certificate of appealability to petitioner, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is a lower standard than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). Whereas a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right , a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765. Although jurists of reason would not debate this Court's resolution of the habeas petition, the issues are

8

*Lindsey v. Smith,* U.S.D.C. 10-CV-14766

not frivolous; therefore, an appeal could be taken in good faith and petitioner may proceed *in forma pauperis* on appeal. *Id.*

### IV.  ORDER

For the foregoing reasons, the Court concludes that the habeas corpus petition was filed outside the one-year limitations period prescribed in 28 U.S.C. § 2244(d)(1)(A). Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the matter is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED.**

**IT IS FURTHER ORDERED** that petitioner shall be **GRANTED** leave to appeal *in forma pauperis.*

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: July 26, 2011

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on July 26, 2011, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary